13-529-pr
*Stevens v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

_____

JAMEL STEVENS,

> *Plaintiff-Appellant,*

> > v.                                                     No. 13-529-pr

CITY OF NEW YORK, ET AL.

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**          Jamel Stevens, *pro se*, Oakdale, LA.


**FOR DEFENDANT-APPELLEES:**          Francis F. Caputo, Jonathan A. Popolow, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a January 8, 2013 judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Jamel Stevens, proceeding *pro se*, appeals the District Court's judgment dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), his 42 U.S.C. § 1983 complaint raising claims of deliberate indifference to his medical needs and deprivation of property without due process. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6) and construe the complaint liberally, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* We read *pro se* complaints liberally with "special solicitude" and interpret them to raise the "strongest [claims] that [they] suggest[]." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted).

Having conducted an independent and *de novo* review of the record, we conclude that the District Court properly dismissed Stevens's claims. We affirm for substantially the same reasons stated by Judge Furman in his thorough and well-reasoned Opinion of January 8, 2013. *See Stevens v. City of New York*, No. 12 Civ. 3808(JMF), 2013 WL 81327 (S.D.N.Y. Jan. 8, 2013).

We have considered all of Stevens's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2